IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER M. L., ) | |
| ) | No. 20 C 6407 |
| Plaintiff, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Christopher M. L. appeals the Acting Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court reverses the Acting Commissioner's decision.

### Background

On March 14, 2018, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 15-27, 94-95, 132-33.) The Appeals Council declined review (R. 1-3), leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous,

it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairments meet or equal a listed impairment; (4) the claimant retains the residual functional capacity to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Acting Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity from the alleged disability onset date, June 16, 2016. (R. 17.) At step two, the ALJ determined that plaintiff has the severe impairments of obesity, neuroma of the left foot, anxiety disorder, and depression. (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. (*Id.* at 18.) At step four, the ALJ found that plaintiff cannot perform any past relevant

2

work but has the RFC to perform sedentary work with certain exceptions. (R. 19-25.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus he is not disabled. (R. 26-27.)

Plaintiff argues that the ALJ failed to address his panic disorder in determining the RFC. (*See* R. 19 (ALJ stating that plaintiff "can tolerate occasional interactions with supervisors and co-workers, no interaction with the public, and no work involving a production rate pace, but can complete end of day goals").) The Court agrees. In November 2016, plaintiff was formally diagnosed with panic disorder, but he told his doctors as early as August 2016 and as late as June 2019 that he had frequent, sometimes daily, panic attacks. (R. 48-49, 359, 365, 368-70, 408, 658, 660, 664, 674, 681, 687, 693, 731-32, 787, 793, 884-85, 920, 994, 997, 1000-02, 1019, 1025, 1037, 1043.) Moreover, plaintiff said in both his function report and his hearing testimony that the panic attacks prevented him from working and prompted him to enter an intensive outpatient program. (R. 48-49, 300-01, 305-06.) The ALJ noted that plaintiff reported panic attacks (R. 22-23), but she did not address, let alone explain why she rejected, the wealth of evidence about the consistency, frequency, severity, and impact of those attacks. While an ALJ is not required "[to] discuss every piece of evidence in the record . . . , [she] may not ignore an entire line of evidence that is contrary to [her] ruling." *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003).

For its part, the government gives us no basis to defend the ALJ's assessment. The plaintiff's primary argument is effectively synthesized as follows:

> The ALJ constructed an RFC that fails to include the most central limitations that result from Plaintiff's persistent and intrusive anxiety disorder: time off task, time away from work, and disruption in the workplace. Although the ALJ did ask about time off task and absenteeism during the hearing, she failed to incorporate any limitation regarding either. Instead, the ALJ constructed an RFC that reduces interaction with people and slows the work pace to end of day requirements rather than a production pace. Apparently, the ALJ determined that excessive social interaction and a fast work pace were the triggers for his panic and anxiety, and if

> these "triggers" were reduced, Plaintiff could perform other work. The record contradicts this. The idea of limiting triggers to anxiety attacks shows the ALJ failed to appreciate the severe nature of Plaintiff's anxiety.

(R. 17 at 10.)

The government does not directly respond to plaintiff's primary argument. Instead, the government simply repeats the ALJ's assessment, using other words. (R. 23 at 2 ("Due to anxiety and depression, the ALJ concluded that plaintiff could tolerate only occasional interactions with supervisors and co-workers, could have no interaction with the public, and could not do work involving a production rate pace, though he could complete end of day goals.").) In short, the government's argument does not persuade us that the ALJ fully considered the nature and extent plaintiff's panic disorder in crafting an appropriate RFC. Thus, the case must be remanded.

## Conclusion

For the reasons set forth above, the Court reverses the Acting Commissioner's decision, denies the Acting Commissioner's motion for summary judgment [22], and pursuant to the fourth sentence of 42 U.S.C. 405(g) remands this case to the Acting Commissioner for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**                    **ENTERED:  August 17, 2022**

**M. David Weisman**
**United States Magistrate Judge**